UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDY GREER, an individual;<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S INC., a foreign corporation; SHARKNINJA SALES COMPANY, a foreign corporation; SHARKNINJA MANAGEMENT COMPANY, a foreign corporation; SHARKNINJA MANAGEMENT LLC., a foreign corporation; SHARKNINJA OPERATIING LLC., a foreign corporation; DOE EMPLOYEE; DOES I through X, inclusive; and DOE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-00871-JCM-NJK<br><br>**JOINT STIPULATION AND ORDER TO EXTEND CASE MANAGEMENT DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to Local Rules 26-3 and LR IA 6-1, LR IA 6-2, LR 7-1, Plaintiff WENDY GREER ("Plaintiff") and Defendants KOHL'S INC. ("Kohl's") and SHARKNINJA SALES COMPANY, SHARKNINJA MANAGEMENT COMPANY, SHARKNINJA MANAGEMENT LLC, and SHARKNINJA OPERATING LLC (collectively "SharkNinja"), by and through their respective counsel of record, stipulate, agree, and hereby request that the Court enter an Order extending the discovery deadlines.

## I. DISCOVERY AND FILINGS COMPLETED TO DATE

1. On July 27, 2023, Kohl's served Requests for Admissions, Requests for Production, and Interrogatories to Plaintiff.

2. On July 27, 2023, Kohl's served its Initial FRCP 26(a)(1) Disclosures;

3. On July 31, 2023, SharkNinja served its Initial FRCP 26(a)(1) Disclosures;

4. On July 31, 2023, SharkNinja served Requests for Admissions, Requests for Production, and Interrogatories to Plaintiff;

5. On July 31, 2023, Plaintiff served its Initial FRCP 26(a)(1) Disclosures;

6. On August 11, 2023, Kohl's noticed an Independent Medical Examination of Plaintiff, scheduled for September 8, 2023.

7. On August 22, 2023, Plaintiff requested an extension until September 11, 2023 to respond to Kohl's Requests for Admissions, Requests for Production, and Interrogatories.

8. On September 5, 2023, Plaintiff requested an extension until September 11, 2023 to respond to SharkNinja's Requests for Admissions, Requests for Production, and Interrogatories.

9. On September 6, 2023, Plaintiff served its responses to Kohl's Requests for Admissions, Requests for Production, and Interrogatories.

10. On September 6, 2023, Kohl's noticed Plaintiff's deposition for September 26, 2023.

11. On September 8, 2023, the Independent Medical Examination was conducted.

12. On September 26, 2023, Plaintiff's deposition was conducted.

13. Both before and during Plaintiff's deposition, SharkNinja's counsel sought information regarding the exact model number and manufacturing date of the at-issue product.

14. Plaintiff's counsel provided the requested information, through service of amended discovery responses, on or about October 18, 2023.

15. Although Plaintiff's deposition was conducted on September 26, 2023, the transcript did not become available to SharkNinja until October 31, 2023.

/ / /

/ / /

/ / /

## II. DISCOVERY TO BE COMPLETED AND REASONS WHY THE DISCOVERY WAS NOT COMPLETED

Plaintiff and Defendants respectfully request an extension of the discovery deadlines to allow time for the following activities to be completed:

1. **Inspection of the Product and Packaging**: SharkNinja has asked to inspect the Product and Packaging (at issue in this case) under its Rule 34 Requests for Production. Plaintiff initially required more time to respond to SharkNinja's discovery requests, thus preventing immediate inspection of the Product and Packaging. Upon providing her response, SharkNinja was provided only with photos of the Product and Packaging. SharkNinja requires time to identify exemplars of the Product and Packaging that are consistent with the photographs provided by Plaintiff. An inspection of such Product and Packaging, or at least suitable exemplars, is necessary for the proper evaluation and litigation of this case, and furthermore may be necessary to the extent the Defendants seek an expert opinion on the adequacy of the Product and Packaging.

2. **Inspection of the Incident Location**: SharkNinja seeks an inspection of the Kohl's location at which Plaintiff's injury allegedly occurred. Due to scheduling conflicts with possible experts and the store manager of the subject Kohl's location, no site visit has yet been scheduled.

3. **Medical Examination Reports:** The medical examination report due under Rule 35(b) has not been served. The parties scheduled the medical examination for September 8, 2023, which was among the earliest times that it could have been scheduled, per the schedules of Plaintiff and the examining doctor. Moreover, a full collection of medical records for the examining doctor's review has not yet been obtained, as Defendants are still waiting for responses from medical providers, and such records may be used in the examination report.

4. **Record Collection**: Plaintiff has had an extensive history of neck and back pain, which directly impacts her allegations of back injury in this case. From the outset of the case, Defendants have sought to collect relevant medical records from Plaintiff's treating physicians. Some records could not be requested until Plaintiff's deposition transcript became

available on October 31, 2023, as Plaintiff identified additional medical providers at the time of her deposition.

5. **Expert witnesses' reports:** Expert witness reports are currently due on December 7, 2023; given the information listed herein, the Parties agree that the remaining time between now and December 7, 2023 is inadequate to obtain an expert opinion and report, given that medical records are still outstanding, the Kohl's site visit has yet to occur, and an inspection of the Product and Packaging (or suitable examples) has not been completed.

6. **Expert witnesses' depositions:** Expert witness depositions are expected to be completed after the disclosure of expert witnesses pursuant to this Court's order. The Parties will likely retain multiple expert witnesses. It will take additional time to coordinate, prepare for, and take the depositions.

7. **Possible supplemental discovery:** More supplemental discovery may be required depending on the answers to Plaintiff's discovery responses, including but not limited to her deposition testimony. This may also include the identification and deposition of fact witnesses. Moreover, the extension will allow the parties to do any necessary follow up discovery after responses to initial rounds of written discovery are served, deposing later-identified witnesses and experts, and obtaining any additional medical records.

III. **GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION**

The parties have been diligently conducting discovery in this matter, as evidenced by the prompt exchange of written discovery, the scheduling of independent medical examinations, the cooperation with respect to written discovery, and the scheduling of depositions.

The primary reason for seeking this extension is the difficulty in obtaining expert opinions and reports by the December 7 deadline. Seeking such an extension at this time is necessary and prudent, in order to ensure that such a request is made in advance of the deadline. A number of things still must occur before the Parties can produce expert disclosures, especially in light of the qualification and reliability standards imposed by Rule 702. For example:

- Defendants must conduct a site inspection of the alleged incident location;
- Defendants must inspect the Product and its Packaging, per its Rule 34 request;

4

- Defendants must collect medical records of Plaintiff predating the incident;
- the examination doctor must prepare his Rule 35(b) report.

The Parties have been diligently working to accomplish these tasks, all of which are necessary before an expert witness could obtain an opinion on the issues in the case, let alone prepare a report meeting the requirements of Rule 26(a)(2)(B).

In light of the above, the Parties have agreed to extend the current discovery deadlines by approximately 30 days. This additional time will permit the Parties to accomplish the above tasks in sufficient time for experts to prepare the necessary opinions and reports. All Parties agree with the proposed extension. As such, neither party is prejudiced by the additional time necessary for the time to prepare expert witness disclosures. Counsel for the parties have been diligently working together to prepare this stipulation and obtain an extension of the current discovery and litigation deadlines.

All of the aforementioned circumstances constitute good cause to extend the remaining discovery deadlines, and the parties jointly in good faith request this Court enter an Order extending the discovery deadlines in accordance with their stipulation.

**PROPOSED REVISED DISCOVERY PLAN**

A. <u>Summary of Proposed Changes</u>

The parties hereby stipulate to continue the discovery deadlines and dispositive motion approximately 30 days, which the parties estimate to be necessary for the discovery listed above.

|  | **Present Date** | **Proposed New Date** |
|---|---|---|
| Initial expert disclosure for all parties: | 12/7/23 | 1/11/24 |
| Rebuttal expert disclosure for all parties: | 1/8/24 | 2/8/24 |
| Discovery cutoff: | 3/6/24 | 4/3/24 |
| Dispositive motions: | 3/6/24 | 4/3/24 |
| Joint proposed pretrial order: | 4/5/24 | 5/6/24, or 30 days after resolution of dispositive motion. |

B. <u>Discovery cut-off date</u>: April 3, 2024.

C. <u>Dispositive Motions</u>: Dispositive motions may be filed no later than April 3, 2024, which is twenty-eight (28) days from the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Stipulation and Order to Extend Discovery

5

1  Deadlines and Scheduling Order (First Request), the date for filing dispositive motions shall likewise
2  be extended, to be no later than thirty (30) days from the subsequent discovery cut-off date.
3       E. <u>Pretrial Order</u>: The pretrial order shall be filed by May 6, 2024, or 30 days after resolution
4  of dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial
5  order shall be suspended until thirty (30) days after the decision of the dispositive motions or until
6  further order of the Court.
7       Dated:  November 16, 2023.

| EVANS FEARS SCHUTTERT MCNULTY MICKUS | DEAVER & CRAFTON |
|---|---|
| /s/ Chad R. Fears | /s/ Brice J. Crafton |
| Chad R. Fears, Esq. (SBN 6970) | Brice J. Crafton, Esq. (SBN 10558) |
| Hayley E. LaMorte, Esq. (SBN 14241) | Colton James Wilstead, Esq. (SBN 16024) |
| 6720 Via Austi Parkway, Suite 300 | 810 E. Charleston Blvd. |
| Las Vegas, NV 89119 | Las Vegas, NV 89104 |
| *Attorneys for Defendants SharkNinja Sales Company, SharkNinja Management Company, SharkNinja Management LLC, and SharkNinja Operating LLC* | *Attorneys for Plaintiff Wendy Greer* |

**LEWIS BRISBOIS**

/s/ Micah K. Mtatabikwa-Walker
Josh Cole Aicklen, Esq. (SBN 7254)
David B. Avakian, Esq. (SBN 9502)
Micah K. Mtatabikwa-Walker, Esq. (SBN 13731)
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
*Attorneys for Defendant Kohl's Inc.*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 17, 2023