# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WENDY GREER,

    Plaintiff,

v.

KOHL'S, INC., *et al.*,

    Defendants.

Case No. 2:23-cv-00871-JCM-NJK

**ORDER**

[Docket No. 29]

Pending before the Court is the parties' stipulation to extend discovery deadlines by 60 days. Docket No. 29.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The Court finds that the parties have established good cause for the extension due to their diligence in conducting discovery and scheduling remaining expert depositions. However, the parties further submit that an extension request is warranted to accommodate for a scheduled mediation on April 29, 2024. Docket No. 29 at 3. It is well-established case law that engaging in settlement discussions or alternative dispute resolution is not generally good cause for a later request to extend case management deadlines. *Williams*, 627 F.Supp.3d at 1181 (collecting cases).

Therefore, the Court only finds good cause to grant the extension request as to the parties' diligence and not mediation.

Accordingly, the Court **GRANTS** the parties' stipulation. Docket No. 29. The deadlines are reset as follows:

| | |
|---|---|
| Discovery Cut-Off: | June 3, 2024 |
| Dispositive Motions: | July 1, 2024 |
| Joint Pretrial Order: | August 1, 2024, 30 days after the resolution of dispositive motions, or further Court order. |

The parties must diligently conduct discovery throughout this time period. Any request to extend deadlines based on any party's failure to conduct discovery prior to mediation does not constitute good cause.

The parties must file a status report regarding the mediation, no later than May 1, 2024.

IT IS SO ORDERED.

Dated: February 27, 2024

_____
Nancy J. Koppe
United States Magistrate Judge